1  SIDLEY AUSTIN LLP
   Robert M. Stone (SBN 205365)
2  rstone@sidley.com
   Christine K. Son (SBN 223196)
3  cson@sidley.com
   555 West Fifth Street
4  Los Angeles, California
   Telephone: (213) 896-6000
5  Facsimile: (213) 896-6600

6  Attorneys For Defendant
   CHASE BANK USA, N.A.
7

8  **UNITED STATES DISTRICT COURT**

9  **CENTRAL DISTRICT OF CALIFORNIA**

10 ATLAS EQUITY, INC.,

11        Plaintiff,

                                          Case No. SACV06-602GW (RNBx)
12        vs.
                                          Assigned to: Honorable George H. Wu
13 CHASE MANHATTAN BANK USA,
   NATIONAL ASSOCIATION, a                [~~PROPOSED~~] PROTECTIVE ORDER
14 national banking association

15        Defendant.

1. <u>Designation of Confidential Information</u>

Counsel of record for any party may designate as "Confidential" information (regardless of form) produced or furnished by such party (or by any other party or witness concerning the designating party) in response to any party's discovery request or inquiry, formal or informal, which a party reasonably believes in good faith to constitute or contain Confidential Information as defined herein below.

2. <u>Definition of Confidential Information</u>

As used herein, the term Confidential Information means confidential, proprietary, non-public information designated as such by a party in writing, or orally if recorded as part of a deposition, and information which is derived therefrom. Confidential Information may include, without limitation, research, development or commercial information, projections, analyses or studies, market development, marketing, sales, promotion, profits or losses, costs, revenues, pricing, purchasing and other financial or marketing information, contracting, customer lists or customer relations, employee labor relations, or other confidential, non-public proprietary information.

Confidential Information shall include all such designated information whether disclosed during interviews, depositions, settlement discussions, or in a document, answer to an interrogatory, admission, production of tangible evidence, testimony or other discovery response or objection to discovery. Confidential Information shall not include information which a producing party has made generally available to the public whether or not such publication was made in connection with this lawsuit.

3. <u>Identification of Documents Containing Confidential Information</u>

A producing party shall designate to all other parties which documents are considered confidential by including on the document (or otherwise marking the document in a way that brings to the attention of a reasonable examiner the request for confidential treatment) the legend "CONFIDENTIAL."

Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize or contain Confidential Information may also be stamped accordingly, but, to the extent feasible, such materials shall be prepared in a manner such that the Confidential Information is bound separately from that not entitled to protection.

4. Limit on Copying

Confidential Information may be copied and summaries, digests, or abstracts may be made, but all such copies, digests, abstracts and summaries shall be regarded as Confidential Information.

5. Protection of Confidentiality

Confidential Information and any notes, summaries, digests, memoranda, exhibits or other documents which include or describe Confidential Information, shall be retained by counsel of record and shall not be disclosed to any person except as provided herein. Persons to whom access to Confidential Information is given pursuant to this Protective Order, shall keep, and shall employ reasonable precautions to keep, Confidential Information secure in accordance with the purposes and intent of this Protective Order.

6. Access to Confidential Information

Counsel for all parties are to be governed by the following restrictions in the use of the Confidential Information produced and information derived therefrom. Except on further application to the Court, Confidential Information may not be disclosed except for the purpose of litigating this action. For purposes of litigating this action, counsel for the parties may disclose such information to (1) the Court; (2) court or deposition reporters; (3) other counsel actively engaged in the conduct of this litigation; (4) shareholders, partners, associates, secretaries, paralegal assistants, and employees of counsel of record to the extent reasonably necessary to render professional services in this litigation; (5) persons with prior knowledge of the documents or the Confidential Information contained therein and (6) named parties

and their corporate affiliates, officers, directors, employers, employees or agents, provided counsel deems such disclosure to be necessary to aid in the prosecution or defense of this litigation; and (7) any other person to whom the parties agree in writing in advance. In addition, for the purpose of litigating this action, such Confidential Information may be disclosed to: (8) outside experts or consultants retained for the purpose of assisting counsel for the parties in the litigation including, but not limited to, independent accountants, statisticians and economists; and (9) employees of third-party contractors providing litigation support services.

Any person entitled to receive information pursuant to categories (2), (3), (5), (6), (7), (8) or (9) shall, prior to being given any Confidential Information, read this Protective Order and shall execute a sworn statement in the form annexed hereto as Exhibit A, indicating that he or she has read this Protective Order and will abide by its terms. For a firm of court reporters, videographers, or litigation support vendors, the requirements of the preceding sentence shall be deemed satisfied for the firm and its personnel if one person with authority to do so executes the sworn statement on behalf of the firm, provided that all firm personnel who work on this litigation are made aware of this Protective Order and the firm's responsibilities hereunder.

7. <u>Non-Disclosure by Recipients of Confidential Information</u>

Any person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information or use such information for any purpose other than the instant litigation.

8. <u>Depositions</u>

Unless otherwise agreed to by the parties, a deponent who is not a party or a present officer, director, employee or representative of a party shall not be examined about Confidential Information and shall not have Confidential Information or documents containing Confidential Information revealed to him or her unless he or she has read and signed a confidentiality form in the form of Appendix A. Persons in

attendance at depositions, other than those listed in paragraph 6, may be limited at the request of a party during the disclosure of Confidential Information.

A party may designate on the record information disclosed during a deposition as Confidential Information. Regardless of whether such information was designated as Confidential Information at the time of the deposition, each party shall have twenty-one (21) days after the deposition transcript has been made available to designate as "Confidential," those portions of the deposition testimony or exhibits which they deem to contain or reveal Confidential Information.

Until expiration of the twenty-one (21) day period, the entire deposition transcript shall be treated as Confidential Information under this Protective Order depending on the designation used in the deposition, unless otherwise agreed to by the parties. If no party timely designates information disclosed during a deposition as Confidential Information, then no portion of the deposition or its exhibits (except those previously designated as Confidential Information) will be treated as so designated.

If all or part of the transcript of deposition testimony or exhibits are treated as Confidential Information (whether by automatic operation of this Protective Order or by a party so designating), but are used in other depositions, such Confidential Information and all portions of the transcripts of such other depositions and exhibits thereto which refer to such Confidential Information shall be treated as designated.

9. <u>Confidential Information to be Filed in Conjunction with an Application to the Appropriate Court to File Such Information Under Seal.</u>

Any pleadings, motions, briefs, memoranda or other documents filed with the Court purporting to reproduce, summarize or paraphrase Confidential Information shall be accompanied by an application to file the papers or the portion(s) thereof containing the Confidential Information (if such portion(s) is/are segregable) under seal. That application shall be directed to the judge to whom the papers are directed. Should the court grant the motion to file such papers or portions thereof under seal,

4

the person or party so filing shall file such document or thing in a sealed envelope or other container on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or container, the words "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" and a statement in substantially the following form:

> This envelope contains information which has been designated as Confidential and ordered to be filed under seal. It is not to be opened and its contents are not to be disclosed to any person other than the Court, its Clerks, or Counsel for the Parties except by order of the Court, or upon the stipulation of the parties.

10. <u>Withdrawing Designations of Confidentiality</u>

Any producing party may give notice to any receiving party that it is eliminating a previous designation of a document or other Information as "Confidential." Any receiving party may request that a producing party eliminate such designation, in accordance with Paragraph 13 below. In the event that a "Confidential" designation is removed, if the information is used as an exhibit at trial or otherwise displayed to the jury, all deposition statements and all markings indicating that the Information had previously been designated by the party as "Confidential" shall be removed (or edited, in the case of a videotaped deposition) prior to offering the information into evidence or displaying same to the jury, and no mention shall be made of the previous designation. The party requesting the elimination of the previous designation shall be responsible for eliminating that designation and shall fulfill this responsibility by providing a new, redesignated copy of the document or other Information.

11. <u>No Restrictions on a Party's Use of its Own Information</u>

Nothing herein shall impose any restriction on the use or disclosure by a party of its own Information. Nor shall this Protective Order be construed to prevent any

party or its counsel from making use as they see fit of information that was lawfully available to the public or lawfully in the possession of the party or its counsel, or that properly came into the possession of the party or its counsel independent of any disclosure of "Confidential" information in this litigation, or that was obtained from a non-party in the course of this litigation.

12. <u>Designation is Not an Admission</u>

Nothing contained in this Protective Order, or any designation of confidentiality hereunder or any failure to make such designation, shall be used or characterized by any party as an "admission" by a party or a party opponent.

13. <u>Dispute as to Confidentiality</u>

A party may contest the designation of any information as "Confidential." A failure to challenge the designation shall not constitute agreement that it is valid and shall not prejudice any party.

If a party objects, in writing, if practicable, to another party's designation of information as Confidential Information, and the parties are unable to resolve the dispute within thirty (30) days of receipt of that writing, then the party objecting to the designation of that specified information as "Confidential" shall, within twenty (20) days thereafter, seek an appropriate order from the Court. Any motion brought pursuant to this paragraph must be in strict compliance with Local Rule 37-2 (including the Joint Stipulation requirement). The party who designated the information as "Confidential" shall have the burden of proving by a preponderance of the evidence that the material is properly classified for the protection sought. The information shall be treated as so designated until the motion is determined or until the expiration of the twenty (20) day period if a motion is not filed within that time.

14. <u>Inadvertent Production</u>

If a party inadvertently produces Information that it considers to be protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, the joint prosecution privilege, or other applicable privilege, in whole or in part, or learns

1  of the production of such Information by a non-party, the party may retrieve such
2  Information as follows:
3      (a) Within twenty-one (21) days of the date of discovery by a party of the
4  inadvertent production, or prior to the January 18, 2008 discovery cut-off in this
5  action, whichever is earlier, the party asserting that an inadvertent production has
6  occurred must give written notice to all other parties that the party claims the
7  Information, in whole or in part, is privileged or protected material. In addition, the
8  notice must state the nature of the privilege or protection, the basis for asserting it, and
9  the reason the production is claimed to be inadvertent.
10     (b) Upon receipt of such notice, any party who has received the produced
11 document or material shall promptly return all copies to the party asserting inadvertent
12 production. In the event that only part of a document is claimed to be privileged or
13 protected, the party asserting inadvertent production shall furnish to the other parties
14 who have received the document a redacted copy of such document, removing only
15 the part(s) thereof claimed to be privileged or protected, together with such written
16 notice. Any party who has received the produced documents or material may contest
17 the claim of inadvertence. Should the parties' good faith efforts fail to resolve any
18 dispute over inadvertent production, the party asserting the claim of inadvertence shall
19 serve its portion of a joint stipulation regarding this issue within twenty-one (21) days
20 after good faith efforts to resolve the dispute have failed. Any motion brought
21 pursuant to this paragraph must be in strict compliance with Local Rule 37-2. During
22 the time period between the producing party's notification that it inadvertently
23 produced privileged or protected material and the adjudication or voluntary resolution
24 of that issue, the receiving party may not use or disclose the Information claimed to be
25 privileged.
26     (c) The provisions of subparts (a) and (b) of this Paragraph are without
27 prejudice to any other rights that any party may have with respect to challenging or
28 defending any claim of privilege; provided, however, that no claim of waiver,

estoppel, laches, or the like based on alleged delay or alleged lack of timeliness can be asserted against the party claiming inadvertent production if that party has complied with subpart (a) of this Paragraph.

15. <u>Ability to Re-Designate Information</u>

A party that has inadvertently produced Confidential Information without designating it as "Confidential" may, within twenty-one (21) days of the date of discovery by a party of the inadvertent production, or prior to the October 22, 2007 discovery cut-off in this action, whichever is earlier, redesignate such information as "Confidential." The party receiving such redesignated "Confidential" information shall make a reasonable good faith effort to ensure that any analysis, memoranda, notes, or other material that were generated based upon such Information shall immediately be treated in conformance with any such redesignation.

16. <u>Amendment</u>

This Protective Order may be amended by the written agreement of counsel for the parties in the form of a stipulation subject to approval by the Court. Nothing in this Protective Order shall prevent any party from seeking modification of this Protective Order by the Court or from compelling or objecting to discovery that it believes to be otherwise improper for any reason cognizable under the Federal Rules of Civil Procedure or Evidence.

17. <u>Oral Argument, Trial and Post-Trial</u>

This Protective Order shall in no event apply to any oral arguments before the Court or trial to the triers of fact in this case, although any party may seek a protective order with respect thereto. It shall apply post-trial to any designated information not in the public record.

18. <u>Disposition on Termination of Action</u>

Within sixty (60) days of the entry of a Judgment or Order finally terminating this action, including all appeals, and unless the parties agree otherwise, each party shall:

  (a) assemble and either turn over to counsel for the producing party or destroy all documents designated as "Confidential" produced by that party, all copies thereof, and all materials, documents, summaries, digests, and abstracts containing Confidential Information and all copies thereof, provided, however, that counsel of record for each party may retain one set of pleadings, documents filed with the Court, depositions and discovery responses, and may retain any documents and copies thereof which are work product, said materials to remain subject to this Protective Order;

  (b) Each party's counsel shall certify in writing that the procedures set forth in paragraph 19(a) above have been completed.

  19. <u>Retained Jurisdiction</u>

  The Court shall retain jurisdiction to make such amendments, modifications and additions to this Protective Order as the Court may from time to time deem appropriate. The Court shall further retain jurisdiction to resolve any disputes concerning the disposition of materials containing Confidential Information at the termination of this action.

Dated: __12/28__, 2007   _____

             The Honorable Robert N. Block
             United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| ATLAS EQUITY, INC., | |
| Plaintiff, | Case No. SACV06-602GW (ANx) |
| vs. | Assigned to: Honorable George H. Wu |
| CHASE MANHATTAN BANK USA, NATIONAL ASSOCIATION, a national banking association | **APPENDIX A TO PROTECTIVE ORDER** |
| Defendant. | |

## ACKNOWLEDGMENT

I hereby attest to my understanding that confidential information or documents, materials, or information are being provided to me pursuant to the terms and conditions of the Stipulation and Protective Order executed by the parties and entered by the Court in the above-captioned litigation. I hereby attest that I have been given a copy of and have read the Stipulation and Protective Order and that I hereby agree to be bound by it and its terms. I agree that I shall not disclose to others, except in accordance with the terms of the Stipulation and Protective Order, such confidential documents, materials, or information. I further agree that the United States District Court for the Central District of California has jurisdiction to enforce the terms of the Stipulation and Protective Order, and I consent to jurisdiction of that Court over my person for that purpose.

If I am signing on behalf of a firm of court reporters, videographers, or litigation support vendors, I further state that I have authority to sign on behalf of my firm, and that I will make sure that all firm personnel who work on this litigation are made aware of this Stipulation and Protective Order and the firm's responsibilities hereunder.

Signature: _____     Date: _____

Name (type or print): _____

Position: _____

Firm: _____

Address: _____

Telephone Number: _____

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 West Fifth Street, Suite 4000, Los Angeles, California 90013-1010.

      On December 21, 2007, I served the foregoing document(s) described as **[PROPOSED] PROTECTIVE ORDER** on all interested parties in this action as follows (or as on the attached service list):

Mark W. Yocca
Paul Kim
The Yocca Law Firm LLP
19900 MacArthur Boulevard, Suite 650
Irvine, California 92612
Facsimile: 949-253-0870

☒   (VIA U.S. MAIL) I served the foregoing document(s) by U.S. Mail, as follows: I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above. I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California. I am readily familiar with Sidley Austin LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

☒   (VIA FACSIMILE) I caused the foregoing document(s) to be served by facsimile transmission by use of facsimile machine number (213) 896-6600 to each interested party at the facsimile machine telephone number shown. Each transmission was reported as complete and without error. A transmission report was properly issued by the sending facsimile machine for each interested party served.

      I declare under penalty of perjury that the foregoing is true and correct.

      Executed on December 21, 2007, at Los Angeles, California.

Deborah J. Kelly